BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 26 1974

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE PERUVIAN ROAD LITIGATION            )   DOCKET NO. 167

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation arises out of a highway construction
project in the Peruvian Andes which was financed by the United
States Government.  Charles  Pettis, a former resident manager
of the project, has filed two actions against the designer of
the highway in the Southern District of Texas and two actions
against the project's construction companies in the District
of Idaho.  Plaintiff moves the Panel for an order transferring
the two actions pending in the Southern District of Texas to the
District of Idaho for coordinated or consolidated pretrial pro-
ceedings pursuant to 28 U.S.C. §1407.  Only Texas defendants oppose
transfer to Idaho.  We find that these actions  involve  common
questions of fact and that transfer of the actions pending in
the Southern District of Texas to the District of Idaho will best
serve the convenience of the parties and witnesses and promote
the just and efficient conduct of the litigation.

* Although Judges Murrah, Becker and Lord were not present
at the hearing, they have, with the consent of all parties,
participated in this decision.

In two separate actions plaintiff charges the defendant designers and construction companies with breach of contract and various torts.  He alleges that he was discharged and blacklisted by defendants because he exposed the negligence responsible for serious rockslides during construction and the subsequent conceal-ment of costly repair work on the road and because he tried to prevent the defendants from making false claims to the governments of the United States and Peru.  In addition to his private causes of action, plaintiff has also filed companion actions, against the designers in Texas and the construction companies in Idaho, on behalf of the United States, pursuant to 28 U.S.C. §232, alleging that the defendants improperly designed the road and mismanaged its construction and conspired to submit false claims for payment by the United States Government in violation of the False Claims Act.

Although Texas defendants admit the existence of common questions of fact relating to certain conspiracy issues, they assert that most of the breach of contract, tort, and fraud allega-tions will require separate proof of conduct by the defendants individually.  They also contend that this litigation does not involve the number of actions or complexity of issues for which coordinated or consolidated pretrial procedures were designed and they maintain that informal coordination among counsel is the best way to avoid any potentially repetitive discovery.

Although only a limited number of actions are involved in this litigation, we nevertheless find persuasive reasons for

ordering transfer pursuant to Section 1407.  The factual allega-
tions in all actions are inextricably intertwined and raise
sufficiently complex common issues concerning the design and
construction of the road project to warrant transfer.  Discovery
of the common underlying facts will involve complex engineering
and scientific data, as well as the financial records and other
documents of the defendants.  A Section 1407 transfer serves as
a guarantee against that discovery being duplicated by the parties
to the Idaho and Texas actions.  And while informal coordination
of discovery amongst the parties to eliminate repetition is commend-
able in any complex litigation, the supervision of the discovery
and all other pretrial proceedings in this litigation by a single
judge will redound to the advantage of both plaintiff and defend-
ants and ensure a just and efficient termination of the pretrial
stage, at a considerable savings of judicial time and resources.

In addition, defendants in the District of Idaho have
moved to dismiss on jurisdictional grounds plaintiff's action
under the False Claims Act.  The district judge has determined
that a factual issue exists and has held the motion in abeyance
pending a plenary hearing.  Plaintiff anticipates that the Texas
defendants will make a similar challenge in the corresponding Texas
action.  The facts presented by plaintiff to support the Idaho court's
jurisdiction would be the same facts he would present to the Texas
court.  Thus, transfer of the Texas action will enable the defendants
to jointly present their challenge of jurisdiction to the trans-
feree court and eliminate the possibility of inconsistent decisions.

- 4 -

The District of Idaho is the most appropriate transferee
forum for this litigation.  We recognize the inconvenience of this
forum to Texas defendants; but the Southern District of Texas would
be equally inconvenient to the Idaho defendants.  Two factors,
however, militate in favor of the Idaho forum.  One is the famil-
iarity of the transferee judge with the issues raised by defendants'
motion to dismiss.  The other is the fact that the District of Idaho
has a significantly lighter civil action docket than the Southern
District of Texas and, therefore, the transferee judge will be able
to devote quick attention to this litigation.  See Annual Report
of the Director of the Administrative Office of the United States
Courts (1973), Appendix I.

IT IS THEREFORE ORDERED that the actions listed on
the attached Schedule A pending in the Southern District of Texas
be, and the same hereby are, transferred to the District of Idaho
and, with the consent of that court, assigned to the Honorable
Ray McNichols for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407 with the actions pending in that
district and listed on Schedule A.

SCHEDULE A                                      DOCKET NO. 167

   DISTRICT OF IDAHO

Charles Pettis, ex rel. v. Morrison-           Civil Action
Knudsen Co., Inc., et al.                      No. 1-72-49

Charles Pettis & Huguette Pettis v.            Civil Action
Morrison-Knudsen Co., Inc., et al.             No. 1-72-50

   SOUTHERN DISTRICT OF TEXAS

Charles Pettis, ex rel. United States          Civil Action
v. Brown & Root, Inc., et al.                  No. 72-H-465

Charles Pettis & Huguette Pettis v.            Civil Action
Brown & Root, Inc., et al.                     No. 72-H-466